UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

NEIL CHRISTOPHER BURKE,

    Defendant.
_____/

Criminal No. 4:17-cr-20732

Honorable Matthew F. Leitman

## **PRELIMINARY ORDER OF FORFEITURE**

An Indictment was filed on or about November 1, 2017, which charged Defendant Neil Christopher Burke with violating 18 U.S.C. § 2252A(a)(2) (Count One: Distribution of Child Pornography).

On or about December 21, 2017, the United States filed a Forfeiture Bill of Particulars to more specifically identify the property to be forfeited under 18 U.S.C. § 2253. (Dkt. #19). The Forfeiture Bill of Particulars gave notice of the Government's intent to forfeit upon Defendant's conviction, at least the following property:

    a. One (1) Dell Computer M/N: 01B, Serial No. 6JGYSL1;

    b. One (1) Western Digital My Passport Ultra Exterior Hard Drive, Serial No. WXV1E755TLAE; and

    c. One (1) Samsung Galaxy CM-636OP Cell Phone, Serial No. 9900047597000544

In addition to the items noted above (3a through 3c), the following asset was also seized and is also subject to forfeiture:

    d. One (1) Seagate hard drive, Serial No. 9VMHJ3HA

(3(a) through 3(d) together, shall be referred to as the "Subject Property").

On February 26, 2018, Defendant Neil Christopher Burke ("Defendant") entered into a Rule 11 Plea Agreement, wherein he pled guilty to violating 18 U.S.C. § 2252A(a)(2) as alleged in Count One of the Indictment.

Defendant has agreed to forfeiture of the Subject Property pursuant to 18 U.S.C. § 2253.

NOW, THEREFORE, pursuant to 18 U.S.C. § 2253 and Fed.R.Crim.P. 32.2, and based upon Defendant's guilty plea to Count One of the Indictment, the Government's Forfeiture Bill of Particulars, Defendant's Rule 11 Plea Agreement, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information in the record,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. Defendant shall forfeit to the United States any and all interest Defendant has acquired or maintained in property, real or personal, (i) that was used or intended to used to commit or to facilitate the commission of the violation, and (ii) constituting or derived from any proceeds that defendant obtained directly or indirectly as a result of the violation, which includes the Subject

Property.

2. Pursuant to 18 U.S.C. § 2253, the Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. The Court has determined, based upon the Indictment, the Government's Forfeiture Bill of Particulars and Defendant's Rule 11 plea agreement, and other information in the record, that there is a sufficient nexus between the Subject Property and Defendant's offense.

4. This Order shall become final as to Defendant at the time it is entered and the forfeiture shall be made part of Defendant's sentence and included in Defendant's Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 21U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on

[www.forfeiture.gov](www.forfeiture.gov) for at least thirty (30) consecutive days. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Pursuant to 21 U.S.C. § 853(n), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. Pursuant to 21 U.S.C. § 853(n), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 21 U.S.C. § 853(n) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 21 U.S.C. § 853(n), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be **FORFEITED** to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 7, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764

5